UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

QUINCY TAYLOR,

                      Plaintiff,                                 FIRST AMENDED COMPLAINT
                                                                       11 CV 3897 (SJ)(VVP)

          - against -

THE CITY OF NEW YORK and RAYMOND
GONZALEZ, MICHAEL MILLER and WILLIAM
REDDIN, employees of the New York City Police
Department,

                      Defendants.                      **Jury Trial Demanded**

------------------------------------------------------------------------x

        Quincy Taylor, by his attorney, Matthew Flamm, alleges the following upon information and belief as his First Amended Complaint:

### Nature of the Action

        1.       This civil rights action arises from defendants' February 4, 2011 arrest of Quincy Taylor and the resulting strip search and attempted prosecution. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

        2.       This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Eastern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff QUINCY TAYLOR is a citizen of the United States of America residing in the State of New York, County of Westchester.

5. Defendant City of New York is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendant MICHAEL MILLER was at all times relevant a Sergeant employed by the New York City Police Department and assigned, upon information and belief, to the 81ST Precinct Anti-Crime Unit. MILLER directly participated in plaintiff's arrest and failed to properly supervise his subordinates and failed to intervene to protect plaintiff from the illegal conduct of his fellow officers. He is sued in his individual capacity.

7. Defendant WILLIAM REDDIN was at all times relevant a duly appointed and acting police officer or detective employed by the New York City Police Department and assigned, upon information and belief, to the 81st Precinct Anti-Crime Unit in Brooklyn, New York. He is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. He is sued in his individual capacity.

8. Defendant RAYMOND GONZALEZ was at all times relevant a duly appointed and acting police officer or detective employed by the New York City Police Department and assigned, upon information and belief, to the 81st Precinct Anti-Crime Unit in Brooklyn, New York. GONZALEZ is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. He is sued in his individual capacity.

9. At all times relevant, defendants GONZALEZ, MILLER and REDDIN (together, the "individual defendants") were acting under color of state law.

10. The individual defendants involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

11. On or about March 3, 2011, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

12. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and a post office address of the plaintiff.

13. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which claims arose, and the damage and injuries claimed to have been sustained.

14. The City of New York has neglected and failed to adjust the claims within the statutory time period.

15. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

16. On Friday, February 4, 2011 at approximately 1:00 - 1:30 a.m., the individual defendants defendants accosted, assaulted and arrested Quincy Taylor at and around the intersection of Stone Avenue and Broadway and the northeast intersection of Granite Street and Broadway in Brooklyn, New York.

17. Despite that plaintiff had been doing nothing unlawful, the individual defendants arrested him and took him to the 81st Precinct Stationhouse.

18. While at the 81st Precinct Stationhouse, plaintiff was strip searched by, upon information and belief, either defendant MILLER or defendant REDDIN. The unlawful search uncovered no contraband, drugs, drug paraphernalia or, indeed, any evidence of any wrongdoing much less of criminal activity.

19. One or more of the individual defendants and other New York City Police personnel conferred and decided to criminally charge Mr. Taylor, and one or more of the individual defendants thereafter provided false evidence to the District Attorney's Office in support of the attempted prosecution.

20. Plaintiff was imprisoned at the 81st Precinct for nearly twenty four hours before he was shackled together with other prisoners to be brought to Brooklyn Central Booking.

21. As plaintiff was being led down a hallway to leave the Stationhouse, his right foot caught on a broken and bent radiator cover which was

sticking out into the hallway down which plaintiff and the other prisoners were being led.

22. Plaintiff fell to the ground, injuring his right knee, which immediately swelled up.

23. The officers involved in transporting plaintiff and the other prisoners refused to get medical attention for Mr. Taylor and instead took plaintiff to Central Booking.

24. Staff at Central Booking would not take Mr. Taylor into custody because of his injury.

25. After staff at Central Booking would not take Mr. Taylor into their custody, he was taken in a Police van to Woodhull Hospital, where plaintiff was examined, treated and released.

26. Plaintiff was returned to the 81st Precinct Stationhouse. After some time, he was again taken to Brooklyn Central Booking.

27. Plaintiff was held for several more hours before being released from Brooklyn Central Booking on February 5, 2011 without being arraigned or seeing a Judge after the District Attorney declined to prosecute plaintiff based on the evidence presented by individual defendants.

28. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful arrest, strip search and attempted prosecution of Mr. Taylor.

29. The individual defendants' acts and omissions deprived plaintiff of his constitutional rights and caused physical, financial and emotional injury.

30.     Plaintiff suffered, the emotional upset, trauma and humiliation of, among other things, the unlawful arrest, rough handling, the strip search and the fear of a false prosecution against him.  Mr. Taylor was jailed for approximately thirty-five hours and suffered all the indignities and privations of the arrest-to-arraignment process.

31.     Plaintiff suffered from injury, pain and disability to his right knee caused by the City's negligence.

32.     Additionally, Quincy Taylor is a professional DJ and lost five hundred dollars income because he was jailed and could not attend a February 4, 2011 job for which he had been hired.  He lost an additional fifteen hundred dollars because the promoters who had hired Mr. Taylor for four dates terminated him when he missed the February 4, 2011 event, and plaintiff lost future business opportunities thereby.

33.     The individual defendants, at all times relevant, and in arresting and imprisoning plaintiff, offering false evidence to the District Attorney in an effort to criminally prosecute plaintiff, subjecting Mr. Taylor to a humiliating strip search, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

34.     Plaintiff repeats the allegations of paragraphs 1-33 as though fully stated herein.

35. By the actions described above, the individual defendants deprived Mr. Taylor of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

36. As a consequence thereof, Quincy Taylor has been injured.

### SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

37. Plaintiff repeats the allegations of paragraphs 1-33 as though fully stated herein.

38. By reason of the foregoing, plaintiff was intentionally detained and confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

39. As a consequence thereof, Quincy Taylor has been injured.

### THIRD CLAIM FOR RELIEF FOR ASSAULT

40. Plaintiff repeats the allegations of paragraphs 1-33 as though fully stated herein.

41. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

42. As a consequence thereof, Quincy Taylor has been injured.

### FOURTH CLAIM FOR RELIEF FOR BATTERY

43. Plaintiff repeats the allegations of paragraphs 1-33 as though fully stated herein.

44. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

45. As a consequence thereof, Quincy Taylor has been injured.

### FIFTH CLAIM FOR RELIEF FOR SUPERVISORY LIABILITY AGAINST DEFENDANT MILLER

46. Plaintiff repeats the allegations of paragraphs 1-33 above as though fully stated herein.

47. Defendant Miller held the rank of Sergeant and had direct supervisory responsibility for the conduct of the other individual defendants. Not only did defendant Miller participate in the arrest and allow the attempted prosecution, he failed properly to supervise his subordinates or to otherwise take action to remedy the wrongs done to plaintiff.

48. As a consequence thereof, Quincy Taylor has been injured.

### SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

49. Plaintiff repeats the allegations of paragraphs 1-33 as though fully stated herein.

50. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Taylor was subjected, despite having a reasonable opportunity to do so.

51. As a consequence thereof, Quincy Taylor has been injured.

## SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

52. Plaintiff repeats the allegations of paragraphs 1-33 as though fully stated herein.

53. The injury to plaintiff's right knee resulted from defendant City of New York breaching its duty properly to maintain in a safe and secure condition premises owned, operated and maintained by defendant City, to wit, the 81st Precinct Stationhouse.

54. As a consequence thereof, Quincy Taylor has been injured.

## EIGHTH CLAIM FOR RELIEF FOR NEGLIGENCE

55. Plaintiff repeats the allegations of paragraphs 1-33 as though fully stated herein.

56. The stop, arrest, strip search and imprisonment complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police personnel, including instructing, supervising, monitoring and controlling the individual defendants herein.

57. Defendant City's inadequate training, supervision, monitoring and control directly resulted in the illegal stop, seizure, false arrest, strip search and attempted false prosecution of Quincy Taylor and others.

58. As a consequence thereof, Quincy Taylor has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

 (A) Compensatory damages in an amount to be fixed at trial;

 (B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

 (C) An award to plaintiff of the costs and disbursements herein;

 (D) An award of attorney's fees under 42 U.S.C. §1988; and

 (E) Such other and further relief as this Court may deem just and proper.

Dated: November 16, 2011
   Brooklyn, New York

*[signature]*
Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117

-10-